UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUSAN MAE POLK,<br><br>   Petitioner,<br><br>  v.<br><br>LAVELLE PARKER,<br><br>   Respondent. | Case No. 24-cv-06460-VC<br><br>**AMENDED ORDER OF DISMISSAL; DENYING CERTIFICATE OF APPEALABILITY** |

  Petitioner Susan Polk is a state prisoner currently incarcerated at California Institution for Women. She filed a pro se application in the Ninth Circuit Court of Appeals for authorization to file a second or successive 28 U.S.C. § 2254 habeas petition, which the Ninth Circuit denied as unnecessary because her petition is not second or successive. The Ninth Circuit transferred part of the petition to this Court "to be processed as a § 2254 habeas petition challenging the denial of her petition for resentencing under California Penal Code § 1170.95" and deemed the petition filed in this Court on November 27, 2023. Dkt. No. 1-9 at 2. Polk is granted leave to proceed *in forma pauperis*. Dkt. No. 4.

## BACKGROUND

  Susan Polk was charged with killing her husband with a knife, convicted of murder by a Contra Costa County Superior Court jury in 2006, and sentenced to sixteen years to life in prison. *Polk v. Hughes*, No. 12-CV-05986-VC (PR), 2015 WL 1322304, at *1 (N.D. Cal. Mar. 24, 2015), aff'd sub nom. *Polk v. Hill*, 700 F. App'x 688 (9th Cir. 2017).

  California subsequently enacted Senate Bill 1437, which "amend[ed] the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that

murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." *People v. Gentile*, 10 Cal. 5th 830, 842 (2020) (quoting Stats. 2018, ch. 1015, § l, subd. (f))). The law created a remedy for those previously convicted in a way that contradicted it, codified at California Penal Code § 1170.95 and subsequently renumbered as section 1172.6[1], allowing them to seek resentencing. Section 1170.95 applied at first to those against whom a complaint, information, or indictment had been filed using a theory of felony murder or murder under the natural or probable consequences doctrine, and was amended in 2021 to also include those charged with murder under any "other theory under which malice is imputed to a person based solely on that person's participation in a crime."

Polk filed a motion requesting resentencing pursuant to section 1170.95, which the Contra Costa County Superior Court denied on February 7, 2020, finding that she had not made a prima facie showing of eligibility for resentencing. Dkt. No. 1-6 at 95. The court found her ineligible for relief as a matter of law because she was "not convicted of felony murder or under the theory that the murder of [the victim] was the natural and probable consequence of aiding and abetting in a felony." *Id.* at 96. Nor did the record support the conclusion that she could not have been convicted of second degree murder under the new law. *Id.*

The California Court of Appeal then proposed a remand of Polk's petition back to the superior court to consider it in light of the 2021 amendments to section 1170.95. *Id.* at 100. Polk objected to the proposed disposition, after which the state appellate court invited briefing on the amendments instead. *Id.* at 103. On March 11, 2022, the Court of Appeal affirmed the section 1170.95 denial, finding that "nothing in the record of conviction establishes that [Polk] was convicted of second degree murder pursuant to the felony-murder rule or the natural and probable consequences doctrine." Dkt. No. 1-6 at 109. The court found that "[b]ecause the jury was not instructed on the felony-murder rule or the natural and probable consequences doctrine,

---

[1] Effective June 30, 2022, Penal Code section 1170.95 was renumbered section 1172.6. The Court continues to refer to this statute as section 1170.95 to be consistent with the Petition.

2

the jury implicitly found [Polk] was the 'actual killer,' and the changes to [Penal Code] sections 188 and 189 are inapplicable." *Id.* at 111. The court found that imputed malice did not apply because Polk was not indicted with any other crime from which malice could have been imputed. *Id.* at 112. The court noted that Polk's procedural arguments about the superior court's standard of review and consideration of the record, as well as her argument that the judge should have been disqualified, did not need to be reached because she was statutorily ineligible for relief and any remand would be futile. *Id.* at 112-13.

## DISCUSSION

### A.     Legal Standard

A district court may entertain a petition for writ of habeas corpus on "behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. If it appears plainly from the petition that the petitioner is not entitled to relief, the court must summarily dismiss the petition without ordering a responsive pleading. Summary dismissal is appropriate where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. *Hendricks v. Vasquez* 908 F.2d 490, 491 (9th Cir. 1990). The petition must also "state facts that point to a 'real possibility of constitutional error.'" Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine* 431 F.2d 688, 689 (1st Cir. 1970)).

### B.     Analysis

Polk raises five claims in this petition challenging the denial of her resentencing petition: (1) the judge in petitioner's underlying trial later admitted to bias against her (by failing to respond to a challenge under Penal Code 170.1 within a certain timeframe) and the judge's order denying the 1170.95 petition after automatic disqualification was void for lack of jurisdiction; (2) appellate counsel who represented petitioner in her 1170.95 appeal violated her Fourteenth

3

Amendment rights to equal protection and due process by appealing to ethnic bias and distorting the evidence; (3) appellate counsel failed to cite to the judge's "vindictive pattern of violating [her] right to due process" deprived her of her Fourteenth Amendment rights to equal protection and to independent counsel in her corner; (4) the judge's reliance on misstatements of fact and failure to consider petitioner's response violated her due process rights; and (5) the prosecutor's and judge's instructions on natural and probable consequences relieved the people of having to prove the elements of the crime of which petitioner was convicted.

Federal courts routinely hold that challenges to denials of section 1170.95 resentencing petitions are not cognizable on federal habeas review because they involve interpretation of state law. There is no federal right to be resentenced from a valid conviction and sentence. *See Swarthout v. Cooke*, 562 U.S. 216, 220 (2011). Other district courts have rejected similar challenges to this type of resentencing claim. *See*, *e.g.*, *Gooden v. Johnson*, Case No. 24-cv-2648 DDP PD, 2024 WL 2139370, *1-2 (C.D. Cal May 13, 2024); *Brown v. Santoro*, Case No. 21-cv-0819 EGK JDE, 2022 WL 125883, at *2 (C.D. Cal. Jan. 12, 2022), certificate of appealability denied, No. 22-55109 (9th Cir. April 29, 2022); *Housh v. Rackley*, Case No. 17-cv-4222 HSG, 2019 WL 1117530, at *2 (N.D. Cal. March 11, 2019).

A state court's misapplication of state sentencing law may violate due process if a petitioner can demonstrate both state sentencing error and that the error was "so arbitrary or capricious as to constitute an independent due process" violation. *Richmond v. Lewis*, 506 U.S. 40, 50 (1992). However, a habeas petitioner "may not . . . transform a state-law issue into a federal one merely by asserting a violation of due process." *Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1996).

Polk's claims (2) and (3) are not cognizable federal claims because there is no federal right to post-conviction counsel for a resentencing proceeding, and therefore no federal ineffective assistance of counsel claim. The right to counsel during the section 1170.95 resentencing process is guaranteed by state law, not federal law. The federal constitution's right to counsel applies to trial and the first appeal as of right, but no

further. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *see Marshall v. Rodgers*, 569 U.S. 58, 52 (2013). "[A] criminal defendant has no right to counsel beyond his first appeal in pursuing state discretionary or collateral review." *Coleman v. Thompson*, 501 U.S. 722, 756 (1991); *see also Finley*, 481 U.S. at 556. Where no constitutional right to counsel exists, there can be no claim for ineffective assistance. *Id.* at 757.

Polk's claim (1), that the judge had no jurisdiction because of automatic disqualification, does not state a cognizable federal claim. Polk characterizes what she alleges was a failure to respond within the statutory timeline to a disqualification petition as an admission of bias, but has alleged no facts to suggest actual bias. Dkt. No. 1 at 21. Federal courts reviewing habeas petitions "abide by the general presumption that judges are unbiased and honest." *Ortiz v. Stewart*, 149 F.3d 923, 938 (9th Cir. 1998), overruled on other grounds by *Martinez v. Ryan*, 566 U.S. 1 (2012). Polk's allegations of bias are insufficient to state a cognizable federal due process claim.

Polk's claim (4), that the judge failed to consider her response and relied on misstatements of fact, does not state a cognizable federal habeas claim. That Polk has invoked her federal constitutional right to due process does not transform her state law claims into cognizable federal claims. She has not demonstrated any sentencing error at all, let alone one so arbitrary and capricious as to constitute an independent due process violation. Polk petitioned for resentencing under a law that plainly did not apply to her, and the state court's finding that the law did not apply to her was not an error.

Where a person has been convicted under a theory that is later prohibited by state law, there may be a cognizable federal claim. But Polk's claim (5) is not that situation. She was not charged with or convicted of felony murder, natural or probable consequences murder, or imputed malice murder.

It is plain from Polk's petition and attachments that she is not entitled to habeas relief related to her section 1170.95 resentencing petition.

**CONCLUSION**

The petition is dismissed. Because reasonable jurists would not find the result debatable, a certificate of appealability is denied. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). The Clerk of the Court will issue a separate judgment and close the file.

**IT IS SO ORDERED.**

Dated: June 5, 2025

VINCE CHHABRIA
United States District Judge